NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAHEEM DUTTON, | : | Hon. Stanley R. Chesler |
| Petitioner, | : | Civil No. 11-7081 (SRC) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | O P I N I O N |
| Respondent. | : | |

APPEARANCES:

    RAHEEM DUTTON, #27875-050
    FCI Schuylkill
    P.O. Box 759
    Minersville, Pennsylvania  17954

CHESLER, District Judge:

Raheem Dutton ("Petitioner"), an inmate incarcerated at FCI Schuylkill in Pennsylvania, filed in the United States District Court for the Middle District of Pennsylvania a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the duration of his confinement on a federal sentence.  See Dutton v. United States, Civ. No. 11-0308 (WWC) (M.D. Pa. filed Feb. 15, 2011).  By Order entered March 23, 2011, Judge William W. Caldwell transferred the matter to this Court for consideration of the Petition as a motion to vacate the sentence pursuant to 28 U.S.C. § 2255.  The Clerk of this Court opened a file on December 5, 2011.  This Court will administratively terminate the file because Castro v. United States, 540 U.S. 375, 383 (2003), prohibits this Court from recharacterizing this § 2241 Petition as a motion to vacate the sentence, pursuant to 28 U.S.C. § 2255.

## I.  BACKGROUND

On April 5, 2006, a grand jury sitting in this District returned a one count indictment against Dutton charging him with unlawful transport of firearms.  See United States v. Dutton, Crim. No. 06-0277 (JAG) (D.N.J. filed Apr. 5, 2006)).  Pursuant to a plea agreement, on February 8, 2007, Judge Greenaway imposed a 72-month term of imprisonment.  On March 12, 2007, the State of New Jersey sentenced Dutton to a five-year term of imprisonment, with 30 months of parole ineligibility, for possession of a controlled dangerous substance with intent to distribute near a school, "to run concurrent with sentence presently serving (Federal Docket # 06-00277-001)."  (Dkt. 1-1 at 2-3.)

On December 8, 2009, New Jersey released Dutton to federal authorities who incarcerated him at FCI Schuylkill.  (Dkt. 1-2 at 2.)  On January 29, 2011, while he was incarcerated at FCI Schuylkill, Dutton filed the Petition (presently before this Court) in the United States District Court for the Middle District of Pennsylvania.  Dutton labeled the pleading as a "PETITION FOR N[UNC] PRO TUNC DESIGNATION OF STATE FACILITY AS PLACE OF CONFINEMENT FOR FEDERAL SENTENCE PURSUANT TO § 2241 & U.S.S.G. 5G1.3(b)."  In the body of the Petition, Dutton refers to the 72-month term of imprisonment imposed by Judge Greenaway on February 8, 2007, and he "urges th[e] court to look at Federal law specifically 18 U.S.C. § 3584 and section 5G1.3 of the U.S.S.G. which allows a court to award a concurrent sentence to a defendant that is subject to an undischarged term of imprisonment.  As the petitioner has remained in constant confinement since April 17, 2006."  (Dkt. 1 at 4.)  For relief, Dutton seeks "an adjustment of credit of 34 months 8-days as it is consistent with application note 2 [of U.S.S.G. § 5G1.3] as this court is the only resource to adjust this sentence."  (Dkt. 1 at 6.)  The following documents are attached to the Petition:  New Jersey judgment of conviction dated

March 15, 2007; Central Office Administrative Remedy Appeal dated June 23, 2010; and final administrative decision in Administrative Remedy No. 585377-A1 by Harrell Watts, dated October 29, 2010. (Dkt. 1-1, 1-2.)

The attachments indicate that Dutton filed an administrative remedy request asking the Bureau of Prisons ("BOP") to *nunc pro tunc* designate a state prison for service of his federal sentence for the three years from the date of his arrest by New Jersey on April 17, 2006, through December 7, 2009, the day before he was turned over to federal authorities. Dutton appealed the denial of administrative relief to the BOP's Central Office, which finally denied the request for *nunc pro tunc* designation on October 29, 2010.

On February 16, 2011, United States Magistrate Judge Martin C. Carlson filed a Report and Recommendation. Judge Carlson construed the § 2241 Petition as a challenge to Judge Greenaway's sentence and determined that the Middle District of Pennsylvania lacked jurisdiction to entertain the challenge to the sentence under § 2241.[1] (Dkt. 4.) Accordingly, Judge Carlson recommended that the matter "be transferred to the District of New Jersey for consideration as a motion to correct sentence under 28 U.S.C. § 2255." Id. By Order filed March 23, 2011, Judge William W. Caldwell adopted the Report and transferred the case to the District of New Jersey.

On December 5, 2011, Dutton filed a notice in this Court in which he states:

> The pro-se petitioner's ask[ing] the Court, first, if indeed, the Middle District Court transferred the case and if so, allow the pro-se litigant, to supplement the claims whereas there's a need to protect my right to properly present a claim before this Court, in order to have an adjudication on the merits, and **to inform this Court, the claim is not a challenge upon the sentence in the**

---

[1] 28 U.S.C. § 2255(e) expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." See 28 U.S.C. § 2255(e).

3

> **parameters of § 2255**, but an adjustment request, to be developed by permission of this Court[].

(Dkt. 7 at 3) (emphasis added).

## II. DISCUSSION

A. Recharacterization of the § 2241 Petition as a Challenge to the Sentence under § 2255

This Court is not permitted to sua sponte recharacterize Dutton's expressly labeled § 2241 Petition as a motion to vacate a sentence under 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375, 383 (2003); see also United States v. Miller, 197 F. 3d 644 (3d Cir. 1999). Recharacterization is particularly inappropriate in light of Dutton's December 5, 2011, request, in which he expressly states that he does not wish to pursue a challenge to the sentence in a motion under § 2255.[2] (Dkt. 7 at 3.) Because this Court may not sua sponte recharacterize Dutton's § 2241 Petition as a motion under § 2255, this Court will administratively terminate the file.[3]

## III. CONCLUSION

This Court will administratively terminate the file.

s/ Stanley R. Chesler
**STANLEY R. CHESLER**, U.S.D.J.

Dated: December 29, 2011

---

[2] In any event, Dutton filed his § 2241 Petition on January 29, 2011, but (in the absence of equitable tolling) the one-year statute of limitations for filing a § 2255 motion to vacate the sentence had already expired on March 7, 2008. See 28 U.S.C. § 2255(f)(1).

[3] The administrative termination of the case is without prejudice to Dutton's filing a new § 2241 petition in the District of his confinement which unequivocally challenges the final administrative decision of the BOP dated October 29, 2010, pursuant to Barden v. Keohane, 921 F. 2d 476, 478 (3d Cir. 1990). See Galloway v. Warden of FCI Fort Dix, 385 Fed. App'x 59, 61 (3d Cir. 2010).